UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

THE UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
MODERN MOSAIC, LTD.,
a foreign business corporation,

Civil Action No. 1:16-cv-12 (Keeley)

Electronically filed:  January 28, 2016

Plaintiff,

**COMPLAINT**

-against-

TURNER CONSTRUCTION COMPANY,
a New York corporation;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; FEDERAL INSURANCE
COMPANY; FIDELITY & DEPOSIT COMPANY
OF MARYLAND; ZURICH AMERICAN INSURANCE
COMPANY; LIBERTY MUTUAL INSURANCE
COMPANY; and THE CONTINENTAL INSURANCE
COMPANY,

Defendants.

Use Plaintiff, Modern Mosaic, Ltd., a foreign business corporation, complains and alleges:

GENERAL ALLEGATIONS

1. This action is commenced pursuant to the Miller Act.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331 as a federal question and by virtue of 40 USCA sections 3131-3141.  Use Plaintiff is a claimant pursuant to USCA Section 3131-3134.

2. Venue is proper in the United States District Court, Northern District of West Virginia, as the construction project is located in said District and pursuant to 40 U.S.C. 3133(3)(B).

3.      Use Plaintiff, Modern Mosaic, Ltd., a foreign business corporation ("plaintiff"), is now, and at all times mentioned here was, a New York State corporation, duly organized and existing under the laws of the State of New York and doing business within the jurisdiction of the Court including the State of West Virginia.

4.      Plaintiff is informed, believes and on that basis alleges that defendant, Turner Construction Company ("Turner"), is, and at all times mentioned was, operating as a New York corporation with its principal place of business in New York, New York and doing business within the jurisdiction of the Court including the State of West Virginia.

5.      Plaintiff is informed, believes and on that basis alleges that defendant, Travelers Casualty and Surety Company of America ("Travelers"), is and at all times mentioned was, a surety and/or insurance company engaged in and doing business in the State of West Virginia, authorized to transact business as a surety upon bonds or undertakings in the State of Virginia.

6.      Plaintiff is informed, believes and on that basis alleges that defendant, Federal Insurance Company ("Federal"), is and at all times mentioned was, a surety and/or insurance company engaged in and doing business in the State of West Virginia, authorized to transact business as a surety upon bonds or undertakings in the State of West Virginia.

7.      Plaintiff is informed, believes and on that basis alleges that defendant, Fidelity & Deposit Company of Maryland ("Fidelity"), is and at all times mentioned was, a surety and/or insurance company engaged in and doing business in the State of West Virginia, authorized to transact business as a surety upon bonds or undertakings in the State of West Virginia.

8.      Plaintiff is informed, believes and on that basis alleges that defendant, Zurich American Insurance Company ("Zurich"), is and at all times mentioned was, a surety and/or

insurance company engaged in and doing business in the State of West Virginia, authorized to transact business as a surety upon bonds or undertakings in the State of West Virginia.

9. Plaintiff is informed, believes and on that basis alleges that defendant, Liberty Mutual Insurance Company ("Liberty"), is and at all times mentioned was, a surety and/or insurance company engaged in and doing business in the State of West Virginia, authorized to transact business as a surety upon bonds or undertakings in the State of West Virginia.

10. Plaintiff is informed, believes and on that basis alleges that defendant, The Continental Insurance Company ("Continental"), is and at all times mentioned was, a surety and/or insurance company engaged in and doing business in the State of West Virginia, authorized to transact business as a surety upon bonds or undertakings in the State of West Virginia.

AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
AGAINST DEFENDANT, TURNER CONSTRUCTION COMPANY
(BREACH OF WRITTEN CONTRACT)

11. On or about May 22, 2011, plaintiff entered into a written subcontract ("subcontract") with defendant Turner defendant wherein it was agreed that plaintiff would provide to defendant Turner labor, materials and equipment for the Biometric Technology Center, FBI CJIS Division Complex located in Clarksburg, West Virginia ("the project").  A true and correct copy of the subcontract is attached hereto as **Exhibit A** and made a part hereof.

12. Subsequent to entering into the subcontract, additional work was also requested and/or approved by defendant Turner via change orders and oral and written instructions which increased the scope of the work to be provided by plaintiff for the project and the amount to be paid to plaintiff by defendant Turner.

13. Following entering into the subcontract and subsequent requests and/or approvals for additional work, plaintiff provided the labor, materials and equipment for the project as needed to defendant Turner at defendant Turner's request.

14. Plaintiff has performed all of the conditions required on its part to be performed in accordance with the terms and conditions of the subcontract and requests and/or approvals for additional work, as requested by defendant Turner.

15. Defendant Turner has breached the subcontract and requests for additional work by failing to fully pay for the labor, materials and equipment provided by plaintiff for the project under the terms of the subcontract, despite written demand.  Turner has furthermore breached the covenant of good faith and fair dealing.

16. As a direct and proximate result of defendant's breach of the subcontract and requests and/or approvals for additional work, plaintiff has suffered damages to be proven at trial but in excess of the principal sum of $1,264,131.31 plus interest.

17. Pursuant to the terms of the subcontract, plaintiff is entitled to attorneys' fees and costs incurred in connection with this matter, including expert witness fees.

<u>AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION</u>
<u>AGAINST DEFENDANT, TURNER CONSTRUCTION COMPANY</u>
<u>(OPEN BOOK ACCOUNT)</u>

18. Defendant Turner became indebted to plaintiff on an open book account for the principal sum of $1,264,131.31 for the labor, materials and equipment provided to the project for defendant Turner by plaintiff, at the special request of defendant Turner, for which defendant Turner agreed to pay.

19. Despite demand there is now due to plaintiff an amount to be proven at trial but in excess of the principal sum of $1,264,131.31 for the labor, materials and equipment provided together with interest and attorneys' fees.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
### AGAINST DEFENDANT TURNER CONSTRUCTION COMPANY
### (ACCOUNT STATED)

20. At the request of defendant Turner, plaintiff provided labor, materials and equipment to the project for defendant Turner. An account was stated for the labor, materials and equipment. There was due to plaintiff from defendant Turner the principal sum of $1,264,131.31, which the defendant Turner agreed to pay.

21. Despite demand, there is now due to plaintiff an amount to be proven at trial but in excess of the principal sum of $1,264,131.31 for the labor, materials and equipment provided to the project, together with interest and attorneys' fees.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT, TURNER CONSTRUCTION COMPANY
### (QUANTUM MERUIT)

22. Plaintiff provided labor, materials and equipment to the project for defendant Turner for which defendant Turner promised to pay to plaintiff the reasonable value.

23. At all times mentioned herein, the reasonable value of the above-mentioned labor, materials and equipment provided was, and is, the principal sum of $1,264,131.31.

24. There is now due to plaintiff by defendant Turner an amount to be proven at trial but in excess of the principal sum of $1,264,131.31, together with interest and attorneys' fees.

<u>AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
AGAINST DEFENDANTS, TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY,
FIDELITY & DEPOSIT COMPANY OF MARYLAND,
ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY AND THE CONTINENTAL INSURANCE COMPANY
(ENFORCEMENT ON CONTRACTUAL PAYMENT BOND)</u>

25.     The Department of Justice, Federal Bureau of Investigation, entered into a contract with defendant Turner.

26.     Defendant Turner, as principal, and defendants, Travelers and/or Federal and/or Fidelity and/or Zurich and/or Liberty and/or Continental, as surety/sureties, duly executed one or more contractual Subcontractor Labor and Material Payment Bonds ("the payment bond"). These payment bonds guaranteed payment to all persons supplying labor and/or materials to the work provided for in the subcontract between plaintiff and Turner for the project. The payment bonds were delivered to an accepted by defendant Turner and inure to the benefit of plaintiff.

27.     Plaintiff has met all requirements by law in order to make a claim upon the payment bond.

28.     Defendant Turner has breached the subcontract and requests for additional work by failing to fully pay for the labor, materials and equipment provided by plaintiff under the terms of the Subcontract, despite written demand.

29.     As a direct and proximate result of defendant Turner's breach of the Subcontract and requests and/or approvals for additional work, plaintiff has suffered damages to be proven at trial but in excess of the principal sum of $1,264,131.31 plus interest.

WHEREFORE, plaintiff respectfully requests judgment against defendants, and each of them, as follows:

(1) on its first cause of action against defendant, Turner Construction Company, in an amount to be proven at trial but in excess of the principal sum of $1,264,131.31, together with interest and attorneys' fees and costs, including expert witness fees, and such other and further relief as this Honorable Court deems just and proper; and

(2) on its second cause of action against defendant, Turner Construction Company, in an amount to be proven at trial but in excess of the principal sum of $1,264,131.31, together with interest and attorneys' fees and costs, including expert witness fees, and such other and further relief as this Honorable Court deems just and proper; and

(3) on its third cause of action against defendant, Turner Construction Company, in an amount to be proven at trial but in excess of the principal sum of $1,264,131.31, together with interest and attorneys' fees and costs, including expert witness fees, and such other and further relief as this Honorable Court deems just and proper; and

(4) on its third cause of action against defendant, Turner Construction Company, in an amount to be proven at trial but in excess of the principal sum of $1,264,131.31, together with interest and attorneys' fees and costs, including expert witness fees, and such other and further relief as this Honorable Court deems just and proper; and

(5) on its first cause of action against defendants, Travelers Casualty and Surety Company of America and/or Federal Insurance Company, Fidelity & Deposit Company of Maryland and/or Zurich American Insurance Company and/or Liberty Mutual Insurance Company and/or The Continental Insurance Company, in an amount to be proven at trial but in excess of the principal sum of $1,264,131.31, together with interest and attorneys' fees and costs, including expert witness fees, and such other and further relief as this Honorable Court deems just and proper.

Dated: January 28, 2016   /s/ Jeffrey D. Van Volkenburg
Jeffrey D. Van Volkenburg (WV State Bar #10227)
400 West Main Street - Empire Building
P. O. Drawer 2040
Clarksburg, WV  26302-2040
Telephone: (304) 626-1100
Facsimile: (304) 623-3035

McNeer, Highland, McMunn and Varner, L.C.
       Of Counsel