IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICAN** *f/u/b/o*
**MODERN MOSAIC, LTD.**

   **Plaintiff,**         Civil Action No.: 1:16-CV-00012
                  (Hon. Frederick P. Stamp, Jr. Senior Judge)

**v.**

**TURNER CONSTRUCTION COMPANY,**
*et al.*,

   **Defendants.**

TURNER CONSTRUCTION COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES

   Defendant, Turner Construction Company ("Turner"), by counsel, for its Answer to the Complaint of Use Plaintiff, Modern Mosaic, Ltd. ("Modern"), states as follows:

GENERAL ALLEGATIONS

   1.  The allegations in Paragraph 1 of the Complaint state legal conclusions to which no response is required.

   2.  The allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required.

   3.  Turner is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies the allegations.

   4.  Turner admits the allegations in Paragraph 4 of the Complaint.

   5.  Turner admits that Travelers Casualty and Surety Company of America ("Travelers") is an insurance company authorized to transact business in West Virginia, as alleged in Paragraph 5 of the Complaint.

6. Turner admits that Federal Insurance Company ("Federal") is an insurance company authorized to transact business in West Virginia, as alleged in Paragraph 6 of the Complaint.

7. Turner admits that Fidelity & Deposit Company of Maryland ("Fidelity") is an insurance company authorized to transact business in West Virginia, as alleged in Paragraph 7 of the Complaint.

8. Turner admits that Zurich American Insurance Company ("Zurich") is an insurance company authorized to transact business in West Virginia, as alleged in Paragraph 8 of the Complaint.

9. Turner admits that Liberty Mutual Insurance Company ("Liberty") is an insurance company authorized to transact business in West Virginia, as alleged in Paragraph 9 of the Complaint.

10. Turner admits that Continental Insurance Company ("Continental") is an insurance company authorized to transact business in West Virginia, as alleged in Paragraph 10 of the Complaint.

FIRST CAUSE OF ACTION

11. In response to the allegations in Paragraph 11 of the Complaint, Turner admits that it entered a written subcontract with Modern for the Biometric Technology Center at FBI CJIS Division Complex in Clarksburg, West Virginia ("Project").  Turner further states that the terms of the subcontract speak for themselves and, therefore, to the extent the remaining allegations in Paragraph 11 of the Complaint concern facts pertaining to written documents and the allegations are inconsistent therewith, they are denied.  Turner denies that the document attached as Exhibit A to the Complaint is a complete copy of the parties' subcontract.

12. In response to the allegations in Paragraph 12 of the Complaint, Turner admits that Turner and Modern executed certain change orders, the terms of which speak for themselves. Turner denies the remaining allegations in Paragraph 12 of the Complaint.

13. In response to the allegations in Paragraph 13 of the Complaint, Turner admits that Modern provided labor, materials and equipment for the Project. Turner denies the remaining allegations in Paragraph 13 of the Complaint.

14. Turner denies the allegations in Paragraph 14 of the Complaint.

15. Turner denies the allegations in Paragraph 15 of the Complaint.

16. Turner denies the allegations in Paragraph 16 of the Complaint.

17. Turner denies the allegations in Paragraph 17 of the Complaint.

## SECOND CAUSE OF ACTION

18. Turner denies the allegations in Paragraph 18 of the Complaint.

19. Turner denies the allegations in Paragraph 19 of the Complaint.

## THIRD CAUSE OF ACTION

20. In response to the allegations in Paragraph 20 of the Complaint, Turner admits that Modern provided labor, materials and equipment for the Project. Turner denies the remaining allegations in Paragraph 20 of the Complaint.

21. Turner denies the allegations in Paragraph 21 of the Complaint.

## FOURTH CAUSE OF ACTION

22. In response to the allegations in Paragraph 22 of the Complaint, Turner admits that Modern provided labor, materials and equipment for the Project. Turner denies the remaining allegations in Paragraph 22 of the Complaint.

23. Turner denies the allegations in Paragraph 23 of the Complaint.

24. Turner denies the allegations in Paragraph 24 of the Complaint.

## CAUSE OF ACTION AGAINST SURETY DEFENDANTS

25. In response to the allegations in Paragraph 25 of the Complaint, Turner admits that it entered into a contract with the United States of America, by and through the Department of Justice, Federal Bureau of Investigation.

26. In response to the allegations in Paragraph 26 of the Complaint, Turner admits that Turner, as principal, and Travelers, Federal, Fidelity, Zurich, Liberty, and Continental, as sureties, issued a payment bond on the Project that is the subject of this case. Turner further states that the terms of the payment bond speak for themselves and, therefore, to the extent the remaining allegations in Paragraph 26 of the Complaint concern facts pertaining to written documents and the allegations are inconsistent therewith, they are denied.

27. Turner denies the allegations in Paragraph 27 of the Complaint.

28. Turner denies the allegations in Paragraph 28 of the Complaint.

29. Turner denies the allegations in Paragraph 29 of the Complaint.

To the extent the "WHEREFORE" clause following Paragraph 29 of the Complaint contains allegations against Turner to which a response is required, Turner denies the allegations. To the extent Turner does not specifically admit an allegation in the Complaint in the above paragraphs, Turner denies such allegations.

## **AFFIRMATIVE DEFENSES**

Turner hereby gives notice that it may rely on the following defenses in opposing the Complaint. Turner does not assume any burden of proof that would otherwise rest on Modern. Turner, by listing such defenses, does not waive its right to present any defense that is not required to be identified by Answer or otherwise. In addition, Turner reserves the right to

change, amend or supplement its answers to the Complaint, and to assert any additional defenses that may be available based upon the facts as they become known through discovery or during trial of this matter.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver, release, mistake, estoppel, laches and/or any applicable statute of limitation(s), contractual, statutory or otherwise.

THIRD DEFENSE

The Complaint is barred in whole or in part by the terms of the Modern subcontract.

FOURTH DEFENSE

The Complaint is barred in whole or in part by Modern's failure to mitigate its damages.

FIFTH DEFENSE

The Complaint is barred in whole or in party by Modern's failure to satisfy all conditions precedent to bringing this action asserted in the above-captioned Complaint, including ADR procedures.

SIXTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of unclean hands.

SEVENTH DEFENSE

The Complaint is barred in whole or in party by the doctrines of setoff and/or recoupment.

## EIGHTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of accord and satisfaction.

## NINTH DEFENSE

The Complaint is barred in whole or in part by Modern's failed to furnish timely notice of its claims and/or failure to timely submit its claim submissions.

WHEREFORE, Turner respectfully requests that the Complaint be dismissed with prejudice, and that judgment be entered against Modern and in favor of Turner, and that Turner be entitled to recover any and all relief as the Court deems just and proper.

Dated:  February 25, 2016                    Respectfully submitted,

/s/ M. David Griffith, Jr.
M. David Griffith Jr. (WVSB # 7720)
Joseph K. Merical (WVSB # 11646)
Thomas Combs & Spann PLLC
300 Summers Street, Suite 1380
Charleston, WV 25301
Phone: (304) 414-1800
Fax: (304) 414-1801
Email: dgriffith@tcspllc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF MODERN MOSAIC, LTD.,** a foreign business corporation<br><br>          **Plaintiff,**<br>**v.**<br><br>**TURNER CONSTRUCTION COMPANY,** et al.,<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO. 1:65-cv-00012-FPS**<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I, M. David Griffith, Jr., counsel for Turner Construction Company, hereby certify that on the 25th day of February, 2016, I served the foregoing **TURNER CONSTRUCTION COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** upon all counsel of record identified below using the CM/ECF system:

> Jeffrey D. Van Volkenburg, Esq.
> McNeer, Highland, McMunn and Varner, L.C.
> 400 West Main Street – Empire Building
> P.O. Drawer 2040
> Clarksburg, WV  26302-2040
> jdvanvolkenburg@wvlawyers.com
>     *Counsel for Plaintiff*

>                                        */s/M. David Griffith, Jr.*
>                                        M. David Griffith Jr. (WVSB # 7720)
>                                        Joseph K. Merical (WVSB # 11646)
>                                        Thomas Combs & Spann PLLC
>                                        300 Summers Street, Suite 1380
>                                        Charleston, WV 25301
>                                          *Counsel for Turner Construction Company*